# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

**CHARLES ANTHONY WOODS**                                      **PETITIONER**

**VS.**                        **CASE NO. 2:15CV00112 BSM/PSH**

**C.V. RIVERA, Warden,**
**FCI Forrest City**                                           **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Charles Anthony Woods ("Woods") was convicted in 2002 in the Western District of Missouri, Case No. 4:02-cr-00037-GAF, for being a felon in possession of a firearm, a felon in possession of ammunition, and a felon in possession of a firearm with an obliterated serial number. Woods was sentenced on July 23, 2003 to 235 months of imprisonment on the first two counts, and 60 months on the third, all to run concurrently. Woods had three prior felony convictions that constituted "violent felonies" under the Armed Career Criminal Act ("ACCA"), subjecting him to a 15 year mandatory minimum sentence. One of Woods' 3 predicate offenses was a burglary conviction, which qualified as a violent felony under the ACCA's residual clause as creating a "serious potential risk of physical injury to another." A direct appeal was unsuccessful. *United*

*States v. Woods*, 97 Fed. Appx. 683 (8th Cir. 2004). In the following years, Woods filed a number of motions in Case No. 4:02-cr-00037-GAF challenging his conviction.

On June 26, 2015, the Supreme Court handed down its decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), holding that the residual clause of the ACCA is unconstitutional. On July 15, 2015, Woods, who is incarcerated in the Eastern District of Arkansas, filed a petition for writ of habeas corpus in the instant case under 28 U.S.C. § 2241. Woods seeks habeas relief, claiming that his sentence is unconstitutional based on the *Johnson* decision.

On November 5, 2015, Woods, joined by the United States, filed a motion with the Eighth Circuit Court of Appeals seeking authorization to file a successive § 2255 motion in Case No. 4:02-cr-00037-GAF. Woods and the government asserted that the Supreme Court made a new rule that applies retroactively when it held the residual clause of the ACCA unconstitutional. On November 20, 2015, the Eighth Circuit granted the joint motion, authorizing Woods to file a successive § 2255 motion in the Missouri district court case. *Woods v. United States*, 805 F.3d 1152 (8th Cir. 2015). In its decision, the Eighth Circuit noted that one of Woods' predicate offenses was a burglary conviction, which qualified as a violent felony under the residual clause as creating a "serious potential risk of physical injury to another." *Woods*, 805 F.3d at 1153. The government conceded that the burglary conviction could no longer be considered a predicate offense under *Johnson*. Additionally, the government conceded that the *Johnson* decision is retroactive. Thus, the 8th Circuit concluded "that Woods has made a prima facie showing that his motion contains 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' ... Therefore, we grant Woods authorization to file a successive § 2255 motion." *Id.* at 1154.

Woods filed his successive § 2255 petition in Case No. 4:02-cr-00037-GAF on January 4, 2016 (docket number 173). In that petition, he seeks the same relief he seeks in the petition at bar.

This § 2241 petition should be dismissed. Typically, § 2241 petitions address either the execution of a sentence or the conditions of confinement, not the imposition of a sentence. *Cain v.*

*Petrovsky*, 798 F.2d 1194, 1198 n. 3 (8th Cir. 1986).  *See also United States v. Lurie*, 207 F.3d 1075 (8th Cir. 2000).  According to *Lurie*, § 2241 relief may be pursued only if Woods demonstrates that § 2255 relief is inadequate or ineffective.  Woods cannot do so.  He has obtained authorization from the Eighth Circuit to file a successive § 2255 petition, and is currently pursuing such a petition in Case No. 4:02-cr-00037-GAF.   It follows that a § 2241 petition filed with this Court is not the appropriate vehicle for Woods to challenge his sentence based on the *Johnson* decision.

      As a result, it is recommended that Woods' petition for § 2241 relief be dismissed, and the relief sought be denied.

      DATED this 7th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE